KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
SROTHSCHILD@KHPSLAW.COM
1900 AVENUE OF THE STARS, TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE:   (310) 282-8989
FACSIMILE:    (310) 282-8903

Attorneys for Plaintiff G. Schirmer, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| G. SCHIRMER, INC., a New York corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>LHIM PRODUCTIONS, LLC, a Delaware limited liability company; SHOW ONE PRODUCTIONS, INC., a Florida corporation; STARVOX EXHIBITS USA, INC., a Florida corporation; STARVOX EXHIBITS INC., a California corporation; IMPACT MUSEUMS, INC., a Delaware corporation; VISIONI ECCENTRICHE S.R.L.S., an Italian business entity; GENREOSO REALINO, an individual; MASSIMILIANO SICCARDI, an individual; and LUCA LONGOBARDI, an individual,<br><br>  Defendants. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Plaintiff G. Schirmer, Inc. ("plaintiff") alleges as follows:

1.  This is an action for willful copyright infringement. Plaintiff is and has been since 1939 the registered owner of the copyright in the composition "Adagio for Strings" ("Adagio") by renowned 20th Century Composer Samuel Barber. Defendants are the creators, promotors, venue providers, managers, ticket sellers,

1. and producers of the worldwide Immersive van Gogh Production (the "Production") in Los Angeles, California, and many other cities. Defendants are admitted copyright infringers who willfully refused to comply with plaintiff's demand that they cease and desist from their continuing infringement of plaintiff's copyright in Adagio.

2. Adagio is perhaps Barber's best-known work. Today, many decades after its creation, the piece still is often duly licensed and widely played and performed, including in film, popular and classical music recordings, theatrical productions, and other uses.

3. Defendants featured a rearranged derivative version of Adagio as the most prominent part of the Production's soundtrack, charging patrons as much as $100.00 per ticket. According to the Production's producer, as of December 2021, which covers only a portion of the period that defendants' infringement of Adagio, more than 4.5 million tickets had been sold for the Production, generating in excess of $250,000,000 in revenues to defendants. However, rather than complying with copyright law and asking for plaintiff's permission, as would be expected of reputable arts purveyors, defendants openly expropriated and willfully infringed Adagio without credit to its author and without plaintiff's consent.

4. Worse, after receiving formal notice of plaintiff's rights when plaintiff discovered their brazen copyright infringement, defendants continued for months to include their unauthorized version of Adagio in the Production. Defendants also continued to deceive the public by crediting their own composer as Adagio's author while widely touting it as their own version of Barber's Adagio, even registering their infringing version with the Italian collecting society SIAE and falsely listing defendant Longobardi as its sole composer. Hence the instant action.

**PARTIES TO THE ACTION**

5. Plaintiff is and at all times material herein has been a corporation organized and existing under the laws of the State of New York, with offices and

operations in the County of Los Angeles, California.

6. On information and belief, LHIM Productions, LLC is a limited liability company organized on or about April 11, 2021, under the laws of the State of Delaware and regularly doing business in the County of Los Angeles, California. On information and belief LHIM was an operator and manager of the Production and the venues where it was displayed to the public and is otherwise responsible for its creation and exploitation and has received and continues to receive revenues that the Production generates and has generated.

7. On information and belief defendant Show One Productions, Inc. ("Show One") is and at all times material herein has been a corporation organized and existing under the laws of the State of Florida and regularly doing business in the County of Los Angeles, California. On information and belief Show One is a producer and creator of the Production and is otherwise responsible for its creation and exploitation and has received and continues to receive revenues that the Production generates.

8. On information and belief defendant Starvox Exhibits USA, Inc. ("Starvox USA") is and at all times material herein has been a corporation organized and existing under the laws of the State of Florida and regularly doing business in the County of Los Angeles, California. On information and belief Starvox USA is a producer and creator of the Production and is otherwise responsible for its creation and exploitation and has received and continues to receive revenues that the Production generates.

9. On information and belief defendant Starvox Productions Inc. ("Starvox") is and at all times material herein has been a California corporation with its principal place of business in the County of Los Angeles, California. On information and belief Starvox is a producer and creator of the Production and is otherwise responsible for its creation and exploitation and has received and continues to receive revenues that the Production generates.

10. On information and belief defendant Impact Museums, Inc. ("Impact") is and at all times material herein has been a corporation organized and existing in the State of Delaware and regularly doing business in Los Angeles, California.  On information and belief Impact is a producer and creator of the Production and involved in ticket sales for the Production and is otherwise responsible for its creation and exploitation and has received and has received and continues to receive revenues that the Production generates.

11. On information and belief defendant Visioni Eccentriche S.R.L.S. ("Visioni") is and at all times material herein has been a business entity organized and existing under the laws of Italy and located in Rome, Italy.  On information and belief, Visioni is responsible for the creation of the Production, provided defendant Luca Longobardi's ("Longobardi") services for the Production, and has received and continues to receive revenues that the Production generates.

12. On information and belief defendant Genreoso Realino ("Realino") is and at all times material herein has been a principal and owner of Visioni and a resident of Rome, Italy, and has received and continues to receive revenues that the Production generates.

13. On information and belief, defendant Massiliano Siccardi is and at all times material herein has been a principal and owner of Visioni and the artistic director of the Production responsible for its creation and production and has received and continues to receive revenues that the Production generates.

14. On information and belief Longobardi is and at all times material herein has been a resident of Rome Italy, who created the Infringing Work without plaintiff's consent and passed himself off as its author.

15. On information and belief at all times material herein each of the defendants was the agent and employee of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

**JURISDICTION AND VENUE**

16. This action arises under the United States Copyright Acts of 1909 and 1976. The complaint states a claim for infringement of federally registered copyrights under the Copyright Act (17 U.S.C. §§ 106 and 501).

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

18. This Court has personal jurisdiction over each of the defendants because each of the defendants committed one or more of the infringing acts complained of herein in California and in this district.

19. Venue in this Court is proper at least under the provisions of 28 U.S.C. § 1391.

**FACTS**

20. Plaintiff owns the copyright in Adagio, registered with the United States Copyright Office on October 9, 1939, Copyright Registration No. E pub. 81394, and November 16, 1966, Renewal Copyright Registration No. R 397537.

21. The Production opened in Los Angeles, California, in July 2021, and, on information and belief, since Summer 2021 is or was open to the public in cities throughout the United States and elsewhere including, in addition to Los Angeles, in New York, Las Vegas, Chicago, and many other major metropolitan areas.

22. During the Production, attendees view large projections of the art of Vincent van Gogh accompanied by music. Until in or about March 2022, that music included a "recomposed" derivative work based on "Adagio" (the "Infringing Work") adding percussion and electronic sounds and making other artificial changes to the fundamental character of the work and thereby harming its integrity. Tens of millions of people have paid as much as $100 each to visit the Production, generating in excess of $250,000,000 in revenues. Defendants also profited from the Infringing Work through exploitation of it on streaming services such as Spotify, Apple Music, and others, and through sales of their recording of it.

23. Defendants repeatedly admitted in promotional material and elsewhere that the Infringing Work is a derivative version of Adagio. One of the Production's producers admitted on its website that "You can't help but reflect on van Gogh's untimely and tragic end, for instance, as self-portraits of the artist fill otherwise dark walls and Samuel Barber's mournful 'Adagio for Strings' plays." The title of the Infringing Work on streaming services is "Adagio for Strings (Recomposed)." The composer of the infringing version, Longobardi, described the use on his Facebook page as "the gentle, ascending music of Samuel Barber's 'Adagio for Strings'" and on YouTube.com as "an excerpt of my arrangement of Barber's Adagio."

24. Defendants failed to obtain a license or other consent from plaintiff to exploit Adagio or to create a derivative version of it.

25. Plaintiff notified defendants that the Infringing Work infringed Adagio on November 5, 2021 and demanded that defendants immediately cease and desist from any further unauthorized use of Adagio. Defendants refused to comply, offered no cogent excuse for that refusal, and, on information and belief, continued to infringe Adagio by including it as an integral part of the Production for approximately five months after notice of the infringement and Schirmer's demand that defendants cease and desist, thereby eliminating any doubt that their exploitation of the Infringing Work constitutes willful copyright infringement.

## CLAIM FOR RELIEF

(For Copyright Infringement)

26. Plaintiff incorporates the foregoing paragraphs by reference, as though fully set forth.

27. 17 U.S.C. § 501 prohibits, *inter alia*, anyone from copying original expression from a copyrighted work without the owner's permission.

28. Plaintiff is the sole owner of the copyright in Adagio, which is fixed in a tangible medium of expression.

29. From and after 2021, and continuing until at least through in or about

1  March 2022, defendants willfully infringed plaintiff's exclusive rights under the
2  Copyright Act, 17 U.S.C. §§ 106 and 501, by creating the Infringing Work and
3  commercially exploiting it, including in Los Angeles, California and other cities;
4  placing it on streaming services; and selling copies of it to the public, all without
5  plaintiff's authorization or consent.

6    30. Defendants' conduct has damaged and will continue to damage
7  plaintiff. Plaintiff's damages include, but are not limited to, the loss of the value of
8  Adagio due to defendants' use and adulteration of Adagio, defendants' profits from
9  their unauthorized use, and the value of defendants' failure and refusal to accord
10 plaintiff and Samuel Barber credit for their use of Adagio and their creation and
11 exploitation of the Infringing Work.

12   31. As a result of their conduct as alleged above, defendants have been
13 unjustly enriched and have wrongfully profited.

14   32. Plaintiff is entitled to actual damages and any profits of defendants that
15 are attributable to the infringement and not taken into account in computing actual
16 damages, in an amount to be proved at trial, and to all other relief allowed under the
17 Copyright Act, all in an amount of at least $5,000,000.

18   WHEREFORE, plaintiff prays for judgment, as follows:
19   1. For damages according to proof, plus interest at the legal rate;
20   2. For temporary, preliminary and permanent injunctive relief enjoining
21 defendants from manufacturing, distributing, marketing, promoting or selling the
22 Infringing Work;
23   3. For an accounting;
24   4. For a constructive trust;
25 / / /
26 / / /
27 / / /
28 / / /

5. For costs and attorney fees incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: July 19, 2023

KING, HOLMES, PATERNO & SORIANO, LLP

By: ___/s/ Stephen D. Rothschild___
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff G. Schirmer, Inc.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury for the claims asserted herein.

DATED: July 19, 2023

KING, HOLMES, PATERNO & SORIANO, LLP

By: */s/ Stephen D. Rothschild*
STEPHEN D. ROTHSCHILD
Attorneys for Plaintiff G. Schirmer, Inc.